Jules MONLEONE, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant.

Civ. A. No. 89–2526–GHR.

United States District Court,
District of Columbia.

April 19, 1990.

Jules Monleone, pro se.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendant.

### MEMORANDUM DECISION AND ORDER

REVERCOMB, District Judge.

The plaintiff seeks review of the Secretary's decision that plaintiff is only entitled to a monthly retirement benefit of $348 under Title II of the Social Security Act. This matter is before the Court pursuant to plaintiff's motion for judgment of rever-

sal[1] and the defendant's motion for judgment of affirmance.

## I. Record Review

■ The ALJ's decision is the final reviewable decision in this case and must be affirmed if supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Plaintiff worked as a stockbroker. His Social Security earnings record provides that he was credited with earnings in 1944, 1946, 1947, 1950 to 1961, and 1964. In the years 1952 to 1961 and 1964 plaintiff was credited with the maximum earnings allowable under the Social Security Act for those years. Based on the credits for these years the Secretary awarded plaintiff a monthly benefit of $348. The plaintiff contends that the Secretary should credit him for earnings he received from employment during the period of 1965 to 1985 and increase his monthly benefits accordingly. The record provides substantial evidence to support the Secretary's decision that the plaintiff did not have earnings from employment in the period of 1965 to 1985.

First, the Secretary's records have no entries that plaintiff received earnings for employment from 1965 to 1985. The absence of such entries is presumptive evidence that wages were not paid for employment in those years. *See* 42 U.S.C. § 405(c)(3), (c)(4)(B). Moreover, plaintiff presented no evidence that he received "wages" from "employment" within the meaning of 42 U.S.C. § 410(a). Although the plaintiff worked overseas for a Swiss brokerage firm from 1965 to 1972 and subsequently worked in Europe for foreign affiliates of American brokerage firms until 1985, this work does not constitute "employment" under the Social Security program for which earnings will be credited. Under the statutory scheme, the Secretary will only credit an individual for wages received from employment performed by an individual within the United States, outside the United States as an employee of an American employer, or outside the United States as an employee of a foreign affiliate of an American employer during any period for which there was in effect an agreement entered into by the affiliate under section 3121(*l*) of the Internal Revenue Code.[2]

Plaintiff correctly notes that the overseas work he performed for the Swiss brokerage firm is not within the definition of "employment" under the Act.[3] As to the work that plaintiff performed in Europe for the foreign affiliates of American brokerage firms, the plaintiff does not contend that an agreement was in effect under section 3121(*l*) of the IRC.[4] Rather, plaintiff claims that these foreign affiliates should be deemed as American employers on the ground that the foreign affiliates were wholly owned subsidiaries of the American companies and accordingly under their control. However, plaintiff failed to

---

1. Plaintiff's "Petition" comprehensively states his claim and provides argument for a judgment of reversal.

2. Section 3121(*l*) of the IRC provides that the Secretary of the Treasury shall, at an American employer's request, enter into an agreement to have the insurance system established by Title II of the Social Security Act extended to service performed outside the United States by individuals employed by one of the American employer's foreign affiliates. Section 3121(*l*) of the IRC is part of the Federal Insurance Contributions Act ("FICA"). The FICA provides for both an employer and an employee tax to fund the old age benefits trust fund. 26 U.S.C. §§ 3101–3127.

3. Indeed, throughout the administrative proceedings the plaintiff never contended that his work with the Swiss brokerage firm constituted "employment" for purposes of the Social Security Act. In an October 8, 1985 letter from plaintiff to the Chief of International Program Service Center, the plaintiff wrote: "From 1965 to 1972 I worked for a strictly Swiss Company which therefore could not participate in the Social Security Plan."

4. The ALJ contacted two of the foreign affiliates of American firms for which plaintiff worked in Europe. Officials for those firms confirmed that no Social Security taxes had been deducted from plaintiff's wages for work he performed in Europe. The officials represented that during the time that plaintiff was employed their respective firms did not have an agreement with the Secretary of the Treasury which provided for them to deduct Social Security taxes from their American employees' wages.

present to the Secretary evidence warranting the piercing of the corporate veil of these foreign affiliates which would support a finding that plaintiff in fact worked for American companies rather than for the foreign affiliates of these companies.

Accordingly, this Court finds that substantial evidence exists on the record to support the Secretary's finding that plaintiff did not have "wages" from "employment" during the years 1965 to 1985 within the meaning of section 410(a).

## II. Equal Protection

■ The plaintiff contends that section 210(a) of the Act, which defines "employment," is unconstitutional because it treats American citizens working in the United States or overseas for American employers different from American citizens working overseas for the foreign affiliates of American companies. The plaintiff argues that under the equal protection clause section 410(a) must include work performed overseas for the foreign affiliates of American companies as "employment" under the coverage of the Social Security system.

■ The constitutionality of Social Security legislation is tested under a "rational basis" standard. *Weinberger v. Salfi,* 422 U.S. 749, 768–70, 95 S.Ct. 2457, 2468–69, 45 L.Ed.2d 522 (1975); *see also Tyson v. Heckler,* 727 F.2d 1029 (11th Cir.1984) (applying "rational basis" standard to section 410(a)). A rational reason clearly supports the Congressional decision not to include overseas work for foreign affiliates of American companies within the definition of "employment" where, as recognized by Congress at the time it drafted and passed the legisla-

tion, the United States has no legal power to "levy the employer tax of the old-age and survivors insurance program upon foreign subsidiaries of American employers." S.Rep. No. 1987, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Ad. News 3710, 3719. Accordingly, recognizing the limitation, Congress enacted section 3121(*l*) of the IRC in order to close this gap in the insurance program as best it could within the scope of its legislative reach.

## III. Entrapment

■ The plaintiff contends that the Secretary should credit his wages since 1964 and raise his monthly retirement benefits accordingly where, in response to plaintiff's 1968 inquiry concerning his retirement benefits, the Secretary allegedly "entrapped" him into believing that the earnings that plaintiff received prior to 1968 entitled him to the "maximum" monthly retirement benefit payable.

The Secretary's April 30, 1968 letter to plaintiff stated that "you have worked sufficient years under social security to be fully insured for benefits at retirement age." However, whether an individual is "fully insured" simply goes to *eligibility* for benefits and not to the *amount* of those benefits.[5] As the Secretary's letter further provided, the amount of benefits is a function of the *number* of years for which a worker has maximum creditable earnings.[6] The Secretary stated:

There are no earnings posted for the years 1962, 1963, and 1965 through the present year. For all years since 1952

---

**5.** An individual is entitled to retirement benefits if he has reached age 62, filed an application for those benefits, and is "fully insured." 42 U.S.C. § 402(a). An individual is "fully insured" if he has a sufficient number of "quarters of coverage." 42 U.S.C. § 415(a). An individual is credited with a "quarter of coverage" in each calendar quarter in which he is paid "wages" above an amount specified in the Act or set by the Secretary. 42 U.S.C. § 413(a)(2)(A)(i), (d)(1).

**6.** The amount of an eligible individual's monthly retirement benefit is based on the individual's "primary insurance amount." The primary insurance amount is calculated based on the num-

ber of years the individual worked and the amount of the "wages" he received in those years. 42 U.S.C. § 415(a), (b); 20 C.F.R. § 404.201. "Wages" is renumeration paid to an individual for "employment" which, as discussed earlier, is any service performed by an individual within the United States, outside the United States as an employee of an American employer, or outside the United States as an employee of a foreign affiliate of an American employer during any period for which there was in effect an agreement entered into by the affiliate under section 3121(*l*) of the IRC. 42 U.S.C. § 410(a).

that you worked, you were credited with the maximum earnings allowed by the social security law. Since retirement benefit computations are based on average monthly or yearly earnings, having maximum creditable earnings *for all years* results in the highest monthly benefit rate.

Accordingly, the Secretary did not "entrap" the plaintiff.[7] Indeed, on the contrary, the Secretary expressly apprised the plaintiff that the Secretary had *no* entries of plaintiff's earnings posted since 1965 and specifically advised the plaintiff that employment with the foreign affiliate of an American corporation may or may not qualify under the Social Security system. The Secretary provided:

> If you are a United States citizen, your self-employment or employment by a foreign subsidiary of an American corporation *may* be covered by social security. We suggest that you write to ... the Internal Revenue Service ... for information *whether* the American corporation qualifies.

The plaintiff simply has no grounds for alleging that he was entrapped by the Secretary on the basis of this letter.

It hereby is

ORDERED that plaintiff's motion for judgment of reversal be, and the same hereby is, DENIED; and it is further

ORDERED that defendant's motion for judgment of affirmance be, and the same hereby is, GRANTED.

---

**7.** Moreover, even if the letter were an erroneous exposition of the social security mechanics, the Secretary could not be estopped in the absence of "affirmative misconduct." *Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981).